## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Mohammed Mahran

Plaintiff,

v.

County of Cook, et al.

Defendants.

Case No. 21-cv-6325

Judge Mary M. Rowland

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Mohammed Mahran brings this action against his former employer, Defendant Cook County Health and Hospital Systems (CCHHS), a subdivision of Defendant Cook County, claiming that Defendants violated federal and state employment laws by discriminating and retaliating against him because of his religion, race, age, and disability. Plaintiff also joins as a Defendant Local 200, the union that represented him when he worked at CCHHS. Defendants have moved to dismiss the complaint. [22]; [24]. For the reasons explained below, this Court grants Local 200's motion to dismiss [22] and grants in part Cook County and CCHHS' motion to dismiss [24].

### I. Background

#### A. Factual Background

Plaintiff resides in Oak Lawn. [1] ¶ 2. At all relevant times, Defendant CCHHS, a division of Defendant Cook County, employed Plaintiff. *Id.* ¶¶ 3–4. Defendant Cook County Pharmacy Association Chicago Joint Retail, Wholesale &

1

Department Store Union, AFL-CIO-CLC Local 200 (Pharmacists and Pharmacy Technicians) (Local 200 or the Union) is the union that represented Plaintiff while employed at CCHHS. *Id.* ¶ 5.

On March 18, 2019, Plaintiff began working for CCHHS's Provident Hospital in Chicago as a patient pharmacist. *Id.* ¶ 10. On August 5, 2020, CCHHS transferred Plaintiff to the Cermak Health Services Pharmacy at the Cook County Cermak Jail facility located at 2800 California Avenue, Chicago, Illinois, where he worked as a pharmacist in the opioid treatment program until January 6, 2021. *Id.* ¶ 11.

Plaintiff alleges that Defendants treated him "differently" for "attempting to practice his Islamic faith and for being Egyptian." *Id.* ¶ 12. Plaintiff also claims that Defendants retaliated against him for complaining about discrimination on the basis of religion, race, age, and disability, and for filing multiple grievances for overtime violations and discrimination. *Id.* ¶ 13. During his tenure with CCHHS, Plaintiff filed multiple grievances against CCHS and Local 200. *Id.* ¶ 14. Plaintiff asserts that CCHHS manufactured reasons to push him out the door in retaliation for his grievances. *Id.* Plaintiff also alleges that CCHHS concocted a pretextual reason to terminate Plaintiff's employment regarding an answer he put on his initial application for employment with CCHHS two years prior. *Id.* ¶ 15.

### B. Plaintiff's Claims and Procedural History

On January 22, 2021, Plaintiff filed a charge against CCHHS with the EEOC. *Id.* ¶ 16; *see* [1] at 25–28. The charge complained of race, national origin, religion, age, and disability discrimination and retaliation against Respondent Cook County

Health. [1] at 25. Plaintiff received a right to sue letter from the EEOC on August 30, 2021. *Id.* The right to sue letter provided Plaintiff notice that he had "the right to institute a civil action against the above-named respondent [CCHHS] under: Title I of the Americans with Disabilities Act of 1990." *Id.* at 29.

On April 5, 2022, Plaintiff filed his complaint in this Court. [1]. The complaint alleges discrimination in violation of Title VII of the Civil Rights Act of 1964 on the basis of religion (Count I) and race and national origin (Count II) and violations of the Americans with Disabilities Act of 1990 (ADA) against all Defendants (Count III); violations of the Family and Medical Leave Act (FMLA) (Count IV), the Age Discrimination in Employment Act of 1967 (ADEA) (Count V), and common law retaliatory discharge against CCHHS (Count VI); breach of contract and breach of the duty of fair representation against Local 200 (Count VII); and religious discrimination pursuant to 42 U.S.C. § 1983 against Cook County and CCHHS (Count VIII). [1] ¶¶ 17–139.

Local 200 moves to dismiss the Title VII and ADA claims against it for failure to exhaust administrative remedies under Rule 12(b)(6) and moves to dismiss the breach of contract and breach of the duty of fair representation claim in Count VII for lack of subject matter jurisdiction under Rule 12(b)(1). [22]; [23]. Cook County and CCHHS have moved to dismiss all claims against them for failure to state a claim under Rule 12(b)(6). [24]; [25]. In response to Local 200's motion to dismiss, Plaintiff voluntarily dismissed his breach of contract claim in Count VII, [30] at 5–6, leaving only Title VII and ADA claims pending against Local 200.

## II.   Legal Standard

A motion to dismiss tests the sufficiency of a claim, not the merits of the case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 881 (7th Cir. 2022); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). To survive a motion to dismiss under Rule 12(b)(6), the claim "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion accepts the well-pleaded factual allegations as true and draws all reasonable inferences in the pleading party's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586–87 (7th Cir. 2021) (quoting *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 676 (7th Cir. 2016)).

## III.    Analysis

Local 200 and the County Defendants (CCHHS and Cook County) move separately for dismissal. The Court will consider each motion in turn below.

### A.    Local 200's Motion to Dismiss

Local 200 argues that Plaintiff's failure to exhaust his administrative remedies against it warrants its dismissal from Plaintiff's Title VII and ADA claims. The Court agrees.

Before bringing a civil lawsuit, a plaintiff alleging Title VII or ADA violations must first exhaust his administrative remedies by filing charges with the EEOC and receiving a right to sue letter. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (Title VII); *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018) (ADA). After receiving a right to sue letter, a plaintiff filing in federal court "may bring only those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *Chaidez*, 937 F.3d at 1004 (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)); *see Riley*, 909 F.3d at 189. The exhaustion requirement serves two purposes: first, it allows the EEOC and the employer an opportunity to settle; and second, it puts the employer on notice of the conduct the employee challenges. *Chaidez*, 937 F.3d at 1004. Given these purposes, "a party not named as the

respondent in the charge may not ordinarily be sued in a private civil action." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013).

Local 200 argues that Plaintiff did not properly exhaust his claims against it because he did not name Local 200 in his EEOC charge. [23] at 2–3. Plaintiff does not dispute this fact. Instead, Plaintiff invokes the exception to exhaustion recognized in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981). [30] at 2–5. The *Eggleston* exception applies where an "unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Alam*, 709 F.3d at 666 (quoting *Eggleston,* 657 F.2d at 905). The *Eggleston* exception is unhelpful to Plaintiff, however, because the complaint is devoid of any allegation plausibly suggesting its applicability. The Seventh Circuit has instructed that dismissal for failure to exhaust is proper where a plaintiff "failed to allege *any* facts . . . regarding whether [the defendant against whom the *Eggleston* exception is invoked] had notice of an EEOC charge or any opportunity to participate in conciliation proceedings." *Alam*, 709 F.3d at 667.

Notwithstanding, Plaintiff argues that his own union would have "had notice of his EEOC charge . . . against CCHHS" and would have "had an opportunity to participate in a conciliation proceeding" because it "represented [Plaintiff] in grievance proceedings." [30] at 5. Relatedly, Plaintiff emphasizes that in his EEOC charge he writes that he made "several internal complaints of discrimination," suggesting that Local 200 had notice of the charge. *Id.* at 5; *see* [1] at 25. While it is

undisputed that Local 200 had notice and participated in the conciliation proceedings Plaintiff initiated *against CCHHS*, that is irrelevant because the complaint raises no inference that Local 200 ever had notice and an opportunity to conciliate regarding *its own* alleged discriminatory conduct. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (affirming the dismissal of an unnamed defendant where the plaintiff notified that defendant "that an EEOC charged had been filed against someone," but not "that a charge had been filed against *it*"); *see also, e.g.*, *Williams v. County of Cook*, 969 F. Supp. 2d 1068, 1076 (N.D. Ill. 2013) (finding that a "general reference" to "Union Reps" on EEOC's intake form "insufficient to satisfy the requirement that a defendant be named in an EEOC charge before being named a defendant in a federal lawsuit").

Plaintiff also urges this Court to apply the *Eggleston* exception based on Local 200's "affiliation" with the other Defendants. [30] at 4–5. That is impermissible. Under Seventh Circuit jurisprudence, "the fact that one entity had notice of the charges against it is insufficient to satisfy the *Eggleston* exception as to a related entity that did not have notice of a charge against it or an opportunity to conciliate that charge." *Alam*, 709 F.3d at 667.

For these reasons, this Court finds that Plaintiff has not sufficiently alleged facts that demonstrate the applicability of the *Eggleston* exception. And because Plaintiff did not name Local 200 as a respondent in his EEOC charge, he did not exhaust his administrative remedies prior to naming Local 200 as a Defendant in this

case. This Court thus grants Local 200's motion [22] and dismisses Local 200 from this case.

### B. Cook County and CCHHS' Motion to Dismiss

#### 1. CCHHS Is a Non-Suable Entity

Initially, the parties agree that CCHHS is not a suable entity separate from Cook County. [25] at 4; [31] at 2; *see also Johnson v. Cook Cnty. Sheriff's Off.*, No. 16 C 07523, 2018 WL 2193235, at *2 (N.D. Ill. May 14, 2018) ("District courts have held that because CCHHS has no legal existence separate and apart from the County of Cook, it cannot be sued."). In response to Defendants' motion to dismiss CCHHS for this case, Plaintiff agreed to voluntarily dismiss CCHHS. [31] at 2. CCHHS is dismissed with prejudice.

Because Plaintiff voluntarily dismissed CCHHS, it requests that this Court "order Cook County to step into the shoes of CCHHS for every count in which CCHHS was individually named as a defendant in this matter." [31] at 2. This Court construes the request as one for leave to amend. Cook County does not oppose amendment, noting itself that the "proper method for a plaintiff to assert new claims against a party is through amendment and Federal Rule of Civil Procedure 15." [34] at 3. This Court therefore gives Plaintiff leave to amend to name Cook County as the Defendant on the counts previously directed solely at CCHHS.

#### 2. Counts I and II: Title VII Claims

In its opening brief, Cook County moved to dismiss Counts I and II (which allege religion and race/national original discrimination under Title VII, respectively)

8

for failure to exhaust before the EEOC. [25] at 5–6. As Cook County points out, Plaintiff alleges in his complaint that he received a single right to sue letter and that letter only provides notice of Plaintiff's right to sue pursuant to "Title I of the Americans with Disabilities Act of 1990." [1] at 29; *see* [25] at 5–6. In response, Plaintiff admits that, in error, he neglected to attach two other right to sue letters he received from the U.S. Department of Justice Civil Rights Division on August 30, 2021. [31] at 3. One of those letters provides notice to Plaintiff of his right to institute claims under Title VII based on the EEOC charge Plaintiff filed against CCHHS. *See* [31] at 20. This right to sue letter ostensibly cures Plaintiff's failure to demonstrate exhaustion of his Title VII claims in Counts I and II. But because it is an "axiomatic rule that a plaintiff may not amend his complaint in his response brief," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), this Court will dismiss Counts I and II without prejudice for failure to exhaust and give Plaintiff leave to amend to allege the existence of and attach the DOJ right to sue letters.

In allowing Plaintiff to amend, this Court rejects Cook County's alternative argument that it should be dismissed because Plaintiff named CCHHS, not Cook County itself, in its administrative charge. *Contra* [25] at 6–7. Plaintiff's naming of a Cook County subdivision constitutes a "minor error in stating the name of the employer" that "does not defeat" Plaintiff's "ability to pursue his claim" against Cook County. *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 400 (7th Cir. 2019). In *Trujillo*, the Seventh Circuit recognized the "legal challenges that can arise in

9

identifying the legally correct employer in complex business arrangements," and cited with approval *Johnson v. County of Cook*, 864 F. Supp. 84, 86–87 (N.D. Ill. 1994), where the district court denied dismissal of a complaint against Cook County and the Sheriff because the plaintiff's EEOC charged named the Department of Corrections, a Cook County subdivision, as his employer. *Trujillo*, 926 F.3d at 401. Here, too, Plaintiff's minor error of naming CCHHS, rather than Cook County, does not foreclose him from pursuing his claims against Cook County.

This Court likewise rejects Cook County's parallel argument that it should be dismissed from the Title VII claims because Plaintiff's allegations focus on CCHHS, a non-suable subdivision of Cook County, rather than Cook County itself. *See* [25] at 7–8; [34] at 7. Plaintiff's allegations necessarily focus on CCHHS because it is the division of Cook County with whom he interacted. This Court infers that Plaintiff's allegations directed at CCHHS are directed also at Cook County. *See Castillo v. Cook Cnty. Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) (noting that it "would have been proper" for the plaintiff to sue "Cook County itself, rather than a subdivision thereof," based on the plaintiff's allegations directed at the mail room of a Cook County Jail).

### 3.      Count III: ADA Claim

Cook County next moves to dismiss Plaintiff's ADA claim in Count III, arguing that Plaintiff fails to identify a specific disability. [34] at 7–8. This Court agrees that dismissal is appropriate. Among other things, a plaintiff alleging ADA violations "must allege a *specific disability*" within the meaning of the ADA. *Tate v. SCR Med.*

10

*Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (emphasis added). In his complaint, however, Plaintiff does not specifically identify the disability or disabilities on which he bases his ADA claim, depriving Cook County of "fair notice" of his claim. *Id.* In paragraph 75 of his complaint, Plaintiff makes reference to a doctor's note he presented to CCHHS stating that he has asthma, morbid obesity, sleep apnea, and panic attacks. [1] ¶ 75. If these are the disabilities he claims under the ADA, he should so state.

This Court therefore dismisses Count III without prejudice, but gives Plaintiff leave to replead his ADA claim to identify his disability or disabilities.

### 4.    Count VIII: Section 1983 Claim (Religious discrimination)

Cook County moves to dismiss Count VIII, in which Plaintiff asserts a Section 1983 claim for religious discrimination pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). *See* [25] at 10–12; [1] ¶¶ 136–39. Cook County advances two primary argument for dismissal.

First, Cook County argues that Plaintiff's allegations of religious discrimination are too conclusory to withstand a motion to dismiss. [25] at 10–12. Courts address constitutional claims under the most applicable provision, and the Seventh Circuit recognizes the "distinction between claims that target a plaintiff's religious practices and those in which a defendant arbitrarily discriminates against a plaintiff because of her religion." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015). The First Amendment's religion clauses guide the former, and the Fourteenth Amendment's equal protection clause guides

the latter. *Id.* Here, Plaintiff's Section 1983 claim alleges arbitrary treatment depriving him of equal protection. [1] ¶ 138. Courts apply a low bar in considering the adequacy of an equal protection claim: in *Williams v. Dart*, the Seventh Circuit reversed the dismissal of an equal protection race discrimination claim where the plaintiffs alleged that the sheriff targeted them for detention because of their race, reasoning that this simple allegation qualified as "fair notice." 967 F.3d 625, 638 (7th Cir. 2020), *reh'g denied* (Aug. 21, 2020); *see also Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005) (noting that "liberal" pleading requirements "particularly with regard to Equal Protection claims").

Given the low pleading standard applicability to equal protection claims, the complaint contains enough allegations to state a plausible violation. Among other things, Plaintiff alleges that Cook County intentionally discriminated against him on the basis of his religion by failing to provide staff to cover his shifts for his prayer breaks, by failing to transfer Plaintiff, and by ultimately terminating him because of his religion. [1] ¶ 31. These allegations "offer sufficient reason to believe [that Cook County] could be found liable for intentional discrimination." *Williams*, 967 F.3d at 638.

Cook County also moves to dismiss on the basis that the complaint fails to sufficiently allege municipal liability. [34] at 8–10. On this point, this Court agrees. A municipality faces liability under § 1983 only if a municipal "policy or custom" is the "moving force" behind a constitutional violation. *Milchtein v. Milwaukee County*, 42 F.4th 814, 826 (7th Cir. 2022). Three types of actions can support *Monell* liability:

(1) an express policy; (2) a widespread practice that is so well-settled that it constitutes a custom or practice; or (3) a final policymaker caused the constitutional injury. *First Midwest Bank Guardian of Est. of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021)). While *Monell* claims are not subject to a heightened pleading standard, *White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016), plaintiffs must plead "factual content that allows the court to draw the reasonable inference" that the municipality maintained a policy or custom causing the alleged constitutional injury, *McCauley v. City of Chicago*, 671 F.3d 611, 615 (7th Cir. 2011).

Here, the complaint falls short of alleging any theory of *Monell* liability. The complaint alleges, in bare conclusions, that Cook County maintains "policies" and "a widespread custom" of religious discrimination. [1] ¶¶ 137–38. Such "[b]oilerplate allegations" do not suffice to "show the existence" of a municipal policy or practice. *Milchtein*, 42 F.4th at 826 (first quoting *Baxter ex rel. Baxter v. Vigo Cnty. Sch. Corp.*, 26 F.3d 728, 736 (7th Cir. 1994); then citing *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010); and then citing *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002)).

The complaint also attempts to allege a *Monell* theory based on final policymaker action. More specifically, Plaintiff alleges that a person with policy-making authority, Dr. CaTanya Norwood, committed the acts of discrimination and retaliation. [1] ¶ 139. Plaintiff alleges that Dr. Norwood serves as Senior Director of Pharmacy Services at CCHHS. *Id.* ¶ 64. This is insufficient to plausibly establish a *Monell* claim based on a final policymaker theory. For an individual to be deemed a

policymaker for *Monell* purposes, "[t]here must be a delegation of authority to set policy for hiring and firing." *Okoro v. Cook Cnty. Health & Hosp. Sys.*, No. 19-CV-06061, 2022 WL 1266432, at *4 (N.D. Ill. Apr. 28, 2022) (quoting *Kujawski v. Bd. of Comm'rs of Bartholomew Cnty.*, 183 F.3d 734, 739 (7th Cir. 1999)). At most, the complaint alleges that Dr. Norwood "targeted" Plaintiff for a review of his approved FMLA leave after Plaintiff complained of religious discrimination. [1] ¶¶ 64, 66–67. Beyond the conclusory assertion that Dr. Norwood is a final policymaker, however, the complaint does not allege that Dr. Norwood possessed the authority to set policy for hiring and firing. For this reason, Plaintiff insufficiently alleges a *Monell* final policymaker theory. *See, e.g.*, *Okoro*, 2022 WL 1266432, at *4 (dismissing *Monell* claim based on a final policymaker theory because the complaint "contains no allegations whatsoever as to [named individuals'] authority to set policy for hiring and firing"); *Connelly v. Cook Cnty. Assessor's Off.*, 583 F. Supp. 3d 1142, 1149 (N.D. Ill. 2022) (dismissing a final policymaker theory where the complaint alleged, in conclusory terms, that "Kaegi was the final policymaker," but lacked "sufficient facts to allege that Kaegi possessed or was delegated final policymaking authority for termination decisions"); *Klingler v. City of Chicago*, No. 15-CV-1609, 2017 WL 3394722, at *2 (N.D. Ill. Aug. 8, 2017) (dismissing a *Monell* claim because "there are no factual allegations from which the Court can plausibly infer that policymaking

authority was delegated to Commander Valgouris without being subject to review and/or override by his superiors in the police department").

For these reasons, this Court dismisses the equal protection *Monell* claim contained in Count VIII. Plaintiff is given leave to amend this claim consistent with this opinion and Rule 11.

## IV.    Conclusion

For the reasons explained above, this Court grants Local 200's motion to dismiss [22] and grants in part Cook County and CCHHS' motion to dismiss [24]. As a result of this Court's rulings, Local 200 and CCHHS are dismissed from this lawsuit. Count VII is also dismissed.

In addition, this Court dismisses without prejudice Plaintiff's Title VII, ADA, and Section 1983 claims against Cook County in Counts I, II, III, and VIII. Plaintiff is given leave to amend those counts. Plaintiff is also given leave to amend to name Cook County as the Defendant in the claims he previously directed only at CCHHS (the FMLA, ADEA, and retaliatory discharge claims in Counts IV–VI). This Court cautions Plaintiff that any amendment must be made in accordance with this Court's order and Plaintiff's Rule 11 obligations. Any amended complaint must be filed by October 28, 2022. Defendant is directed to answer or otherwise respond to the amended complaint by November 18, 2022.

In addition, Plaintiff moves to strike paragraphs 5 and 6 of Cook County's motion to dismiss, which discuss Plaintiff's previous court cases. [32]. Because this

Court did not need to consider, and indeed did not consider, these paragraphs, it denies Plaintiff's motion to strike [32] as moot.

Dated: October 19, 2022

ENTER:

MARY M. ROWLAND
United States District Judge