**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MOHAMMED MAHRAN, | ) | Case No.: 1:21-cv-06325 |
| Plaintiff, | ) | |
| v. | ) | Judge: Hon. Mary M. Rowland |
| COUNTY OF COOK ILLINOIS, | ) | |
| Defendant. | ) | |

**FIRST AMENDED VERIFIED COMPLAINT**

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his First Amended Verified Complaint against the Defendant, COUNTY OF COOK ILLINOIS, and in support thereof states and alleges as follows:

**NATURE OF THE ACTION**

1.      This is a federal-question action involving statutory claims under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq.;* the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"); the Family and Medical Leave Act, 29 U.S.C 2601/ *et seq.* ("FMLA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and common law and statutory claims under Illinois law (common law retaliatory discharge, etc.). MAHRAN was subjected to various retaliatory actions and discharged in retaliation for (i) reporting discrimination within COOK COUNTY, and (ii) exercising his rights under the FMLA and ADA.

**PARTIES**

2.      Plaintiff, MOHAMMED MAHRAN ("MAHRAN"), is an individual that resides in Oak Lawn, Illinois, and has been a resident of Oak Lawn, Illinois at all times relevant to this action.

3.      Defendant, COUNTY OF COOK ILLINOIS (hereinafter "COOK COUNTY"), is a government unit, that at all times relevant herein was MAHRAN's indirect employer. COOK COUNTY HEALTH AND HOSPITAL SYSTEM ("CCHHS"), a government unit, was at all times relevant herein a division of COOK COUNTY and was MAHRAN's direct employer.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction in this action pursuant to 28 USC §§ 1331.

5.      The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because MAHRAN asserts claims that arise under the laws of the United States, namely, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

6.      The Court has supplemental jurisdiction over MAHRAN'S state-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to MAHRAN'S federal-question claims that they form part of the same case or controversy.

7.      Venue is proper in this district pursuant to 28 U.S.C. 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTS

8.      MAHRAN originally began working at CCHHS on March 18, 2019, working as an In-Patient Pharmacist at CCHHS'S Provident Hospital, located at 500 E 51st St, Chicago, IL 60615.

9.      On August 5, 2020, MAHRAN was transferred to the Cermak Health Services Pharmacy at the Cook County Cermak Jail facility located at 2800 South California Avenue, Chicago, IL (the "Cermak Jail"), where he worked as a Pharmacist in the Opioid Treatment Program until his employment was terminated on January 6, 2021.

10.     During the time of MAHRAN worked at CCHHS, MAHRAN was a dedicated employee, whose hard work was recognized and appreciated by his patients. MAHRAN enjoyed the work he did, and he planned on staying with CCHHS for the remainder of his career.

11.     However, MAHRAN was treated differently by Defendants for attempting to practice his Islamic faith and for being Egyptian. Also, Defendants have retaliated against MAHRAN for

complaining about discrimination on the basis of religion, race, age, and disability, and for filing multiple grievances for overtime violations and discrimination.

12.     During MAHRAN'S tenure with CCHHS, MAHRAN filed multiple grievances against CCHHS. Towards the end of MAHRAN'S tenure with CCHHS, CCHHS manufactured reasons to push MAHRAN out the door and try and make him quit, in retaliation for MAHRAN filing his grievances.

13.     By the end of MAHRAN'S tenure with CCHHS, CCHHS concocted a pretextual and non-legitimate reason to terminate MAHRAN's employment, regarding an answer he put on his initial application for employment with CCHHS two years prior.

14.     MAHRAN filed a Complaint with the EEOC against CCHHS on or about January 22, 2021. MAHRAN received three (3) Right to Sue Letters from the U.S. Department of Justice Civil Rights Division (the "USDOJ") on August 30, 2021— (1) one related to ADA claim, (2) one letter related to the Title VII claim, and (3) one related to the ADEA claim. *See* EEOC Complaint and Right to Sue Letters, marked as Group Exhibit A, attached hereto.

### COUNT I
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### DISCRIMINATION ON THE BASIS OF RELIGION

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, for a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e–2, *et seq.*, and in support thereof states and alleges as follows:

1-14.     MAHRAN restates and realleges paragraphs 1-14 as though fully set forth herein.

15.     MAHRAN practices the religion of Islam and is Muslim.

16.     MAHRAN is a covered employee to which Title VII applies. See 42 USC § 2000e(a).

3

17.    COOK COUNTY is a covered employer to which Title VII applies. See 42 USC §
2000e(b).

18.    Defendant discriminated against MAHRAN with respect to his compensation, terms,
conditions, and/or privileges of employment, because of his religion. See 42 USC § 2000e-2(a).

19.    On or about September 23, 2019, MAHRAN formally complained about religious
discrimination to the Equal Employment Opportunity ("EEO") office within CCHHS regarding
**Saleh Times**[1] (i.e., his inability to pray on Fridays).

20.    After an investigation of MAHRAN's religious discrimination claims, the EEO office
determined that MAHRAN had been discriminated against, which resulted in changing CCHHS
policy, and subsequently permitted MAHRAN and other Muslim employees to have time for religious
prayer on their breaks.

21.    However, from that point on, MAHRAN was viewed as a troublemaker which began
a sequence of retaliatory and discriminatory actions by CCHHS management officials against
MAHRAN.

22.    After successfully challenging CCHHS's restriction on prayer in the workplace,
CCHHS informed MAHRAN that it would be transferring his position to the Cermak Jail.

23.    After MAHRAN was informed that he would be transferred to the Cermak Jail,
MAHRAN informed CCHHS that working in the jail would once again not allow him to effectively

---

[1]    Salah Times are prayer times when Muslims perform salah. The term is primarily used for the five (5)
daily prayers including the Friday prayer, which is normally Dhuhr prayer but on Fridays it is obligated to be
prayed in a group. Muslims believe the salah times were taught by Allah to Muhammad. Prayer times are
standard for Muslims in the world. There are varying opinions regarding the exact salah times, with the schools
of Islamic thought differing in minor details. All schools of thought agree that any given prayer cannot be
performed before its stipulated time. Muslims pray five times a day, with their prayers being known as Fajr
(dawn), Dhuhr (after midday), Asr (afternoon), Maghrib (after sunset), Isha (nighttime), facing towards Mecca.
The direction of prayer is called the qibla; the early Muslims initially prayed in the direction of Jerusalem before
this was changed to Mecca in 624 CE, about a year after Muhammad's migration to Medina.
"Salah Times." Wikipedia, Wikimedia Foundation, 1 Nov. 2021, *https://en.wikipedia.org/wiki/Salah_times*.

practice his religion, due to the inspections in and out of the jail cutting his breaks short, being unable to take an uninterrupted 1-hour break, and the Cermak Jail having no place dedicated to prayer inside the facility.

24.     However, CCHHS was not accommodating of MAHRAN'S religious rights.

25.     In addition to other factors, such as retaliation, religion was a determining factor in the CCHHS's adverse employment action and decisions to: (i) failure to provide staff to cover MAHRAN's shift for his break to pray, (ii) transfer MAHRAN, and (iii) ultimately terminate MAHRAN.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.     Back pay in an amount to be determined at trial;
B.     Compensatory and consequential damages, including for emotional distress;
C.     Punitive damages;
D.     Pre-judgment and post-judgment interest at the highest lawful rate;
E.     Attorneys' fees and costs of this action;
F.     Any such further relief as this Honorable Court finds reasonable.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## DISCRIMINATION ON THE BASIS OF RACE AND NATIONAL ORIGIN

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, for a violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC § 2000e–2, *et seq.*, and in support thereof states and alleges as follows:

1-25.     MAHRAN restates and realleges paragraphs 1-25 as though fully set forth herein.

26.     MAHRAN's race is Arabic / Middle Eastern / North African ("MENA"), a protected class under Title VII.  See 42 USC § 2000e.

27.     Specifically, MAHRAN's national origin is Egypt, which makes MAHRAN a protected class under Title VII. See 42 USC § 2000e.

28.     MAHRAN is a covered employee to which Title VII applies.  See 42 USC § 2000e(a).

29.     COOK COUNTY is a covered employer to which Title VII applies.  See 42 USC § 2000e(b).

30.     Defendant discriminated against MAHRAN with respect to his compensation, terms, conditions, and/or privileges of employment, because of his race and national origin. See 42 USC § 2000e-2(a).

31.     MAHRAN'S race and national origin were determining factors and/or motivating factors in CCHHS's adverse employment actions.

32.     Discrimination against national origin refers to the denial of equal employment opportunity because of an individual's, or his or her ancestor's, place of origin; or because an individual has the physical, cultural, or linguistic characteristics of a national origin group.

33.     Defendants use particular employment practices that cause a disparate impact on MENA employees.

34.     Defendants use a race and national origin motivated decision-making process when analyzing employment matters such as the transfer and discipline of its employees.

35.     The elements of Defendants' decision-making processes are not capable of separation for analysis.

36.     Defendant cannot demonstrate that its racially motivated decision-making processes in deciding transfers of its employees is job related for the position in question, nor is it consistent with a business necessity.

37.     The allegations made *supra* and *infra* show, *inter alia*, a pattern of discrimination at COOK COUNTY and CCHHS regarding how MENA employees are treated; in that MAHRAN was discriminated against for trying to practice his faith, for reporting other non-MENA employees for mistakes that could harm patients and for overtime violations, for attempting to seek accommodations

for his medical conditions, for complaining about retaliation by CCHHS, and for filing grievances related to religious discrimination.

38.     MAHRAN was qualified to perform his job, possessing the requisite training, education, and skills to be employed as a pharmacist at CCHHS.

39.     MAHRAN suffered from a materially adverse employment decision because of his race and national origin when he was subjected to discrimination, his claims and grievances being ignored, being demoted, etc., which were decisions based on his race and national origin, which had the purpose or effect of substantially interfering with MAHRAN's work performance and of creating an intimidating, hostile, and/or offensive working environment for MAHRAN that seriously affected his psychological well-being.

40.     Submission to CCHHS's retaliatory decision to transfer MAHRAN to the Cermak Jail was implicitly made a term or condition of MAHRAN's employment.

41.     MAHRAN was harassed by Defendants because he is MENA.

42.     Non-members of MAHRAN's class (MENA) were treated more favorably.

43.     MAHRAN's co-workers made fun of his accent and threw away his Egyptian food from a shared refrigerator, while others non-MENA employees' foods were not thrown away.

44.     "In order to have a claim of national origin discrimination under Title VII, it is not necessary to show that the alleged discriminator knew the particular national origin group to which the complainant belonged. […] [I]t is enough to show that the complainant was treated differently because of his or her foreign accent, appearance, or physical characteristics." *Karraker v. Rent–ACenter, Inc.*, 411 F.3d 831, 835 (7th Cir.2005).

45.     Defendant's conduct violated Title VII.

46.     As a result of Defendant's actions, MAHRAN has suffered and will continue to suffer both economic and non-economic harm, including emotional damages.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.  Back pay in an amount to be determined at trial;
B.  Compensatory and consequential damages, including for emotional distress;
C.  Punitive damages;
D.  Pre-judgment and post-judgment interest at the highest lawful rate;
E.  Attorneys' fees and costs of this action;
F.  Any such further relief as this Honorable Court finds reasonable.

## COUNT III
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, for a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and in support thereof states and alleges as follows:

1-46.  MAHRAN restates and realleges paragraphs 1-46 as though fully set forth herein.

47.  The ADA prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *See* 42 U.S.C. § 12112.

48.  MAHRAN is disabled within the meaning of the ADA because: (i) he has/had physical impairments (asthma, morbid obesity, sleep apnea, and panic attacks) that substantially limit/ed one or more major life activities; (ii) he has/had a record of such impairments.

49.  MAHRAN has a history of flare-ups, as a result of his health issues.

50.  MAHRAN'S impairments substantially compromise MAHRAN'S ability to function in certain life activities.

51.  MAHRAN'S impairments are severe and at times render MAHRAN'S ability to function as a normal person.

52.     MAHRAN'S impairments sometimes impact his ability to work.

53.     On or about March 18, 2020, MAHRAN requested and was granted intermittent FMLA leave by CCHHS.

54.     This intermittent leave permitted MAHRAN to take leave from work 1 time per 2 months for appointments and/or treatments, lasting up to 2-3 days.  For flare-ups, he would be allowed to take leave 3-4 times per month, lasting up to 3 days.

55.     This FMLA leave period was through March 19, 2021.

56.     However, on or about July 23, 2020, and after MAHRAN formally complained about religious discrimination, CaTanya Norwood (System Director of Pharmacy Services, CCHHS), specifically targeted MAHRAN for a "review" of his already approved FMLA leave.  Dr. Norwood possessed or was delegated final policymaking authority for transferring, hiring, and firing decisions **for pharmacy programs across CCHHS**.[2]

57.     During this review meeting, CCHHS management confirmed that they changed the terms of MAHRAN's FMLA leave in conflict to the original letter provided by CCHHS management.

58.     Furthermore, during this review meeting, Dr. Norwood tried to coerce MAHRAN to reveal his health status that required FMLA including flare ups.  Additionally, Dr. Norwood presented MAHRAN a document she prepared that required MAHRAN to call 2 hours in advance before his shift starting and changed the number of hours allocated to his FMLA to consider any FMLA leave

---

[2] Dr. Norwood's LinkedIn Profile indicates that she, *inter alia*, "Reports to the Chief Operating Officer and [is] responsible for coordinating pharmacy services and pharmacy programs across Cook County Health & Hospitals System while improving patient outcomes and financial performance.
• Provide operational oversight to thirteen pharmacies with various areas of practice (ambulatory, inpatient, central fulfillment, mail-order and correctional health facility)
• Provide oversight to staff of 300+ pharmacists, pharmacy technicians and pharmacy management
• Oversee pharmacy budget
• Identify and implement process improvement strategies
• Develop, spearhead, and implement new initiatives and programs within pharmacy services
• Coordinate clinical, non-clinical and specialty pharmacy services for the optimization of patient care"

https://www.linkedin.com/in/catanyanorwood/

(even as short as 10 minutes) to be recorded as 8 hours (which she added by her own handwriting to the letter the words "up to one day").

59.     During this review by Dr. Norwood, wherein other persons were present or involved—Tony Leung (Assistant Director of Pharmacy, CCHHS), Lisa Russell (LOCAL 200 Union Representative), and Dr. George Leonard (LOCAL 200 Union Representative)—MAHRAN expressed he felt that other employees did not have to have their FMLA leave approvals reviewed with such scrutiny as he was facing.

60.     During this meeting, MAHRAN indicated that flare ups could happen even 10 minutes before the shift start and that Dr. Norwood was being unfair.

61.     MAHRAN indicated on the review, referring to the restrictive policy, that "if approved for everyone and applied [to] everyone" he would sign, and he signed with his comments indicated on the review document.

62.     At that point, Dr. Norwood indicated she thought MAHRAN'S act of writing comments above his signature was a "blatant disregard and disrespect for management."

63.     Shortly after this review, on August 5, 2020, CCHHS transferred MAHRAN to the Cermak Jail facility.

64.     MAHRAN'S transfer was in retaliation for the "blatant disregard and disrespect for management" that Dr. Norwood accused MAHRAN of during the FMLA review meeting.

65.     On August 24, 2020, MAHRAN was injured on the job while at the Cermak Jail and filed a Workers Compensation claim against CCHHS.

66.     Because of this injury, MAHRAN was examined by his doctor, Jorge E. Balandrin, on August 25, 2020, and the doctor recommended that MAHRAN be restricted to less than fifteen (15) minutes per hour of standing and walking while working at CCHHS.

10

67.     Furthermore, Dr. Balandrin wrote a doctor's note informing CCHHS that due to MAHRAN's "asthma, morbid obesity, sleep apnea[,] and panic attacks[,] he can't tolerate using an N95 mask," and that the doctor "advise[d that MAHRAN] not work in conditions requiring such a mask." Further, the doctor advised that MAHRAN could return to work on August 26, 2021 but with limitations.

68.     Even after transferring MAHRAN to the Cermak Jail, CCHHS informed MAHRAN that he had to work, and that it would not allow him to take an intermittent period of time off as a reasonable accommodation, despite his requests.

69.     Working in the Cermak Jail required MAHRAN to be on his feet standing and walking a majority of his shift, which was in direct conflict with his doctor's work release note while all other pharmacists including the ones working in Cermak were not required to walk and stand as much.

70.     Working in the Cermak Jail for MAHRAN meant high exposure to COVID-19 patients despite his asthma and inability to wear a mask.

71.     When MAHRAN informed CCHHS that he felt uncomfortable working in the jail meeting face to face with inmates during the height of COVID-19, MAHRAN was told he would be "fine." When he told CCHHS that the overcrowded environment of the Jail, with its high risk of COVID-19, was not good for his specific medical conditions, CCHHS refused to acknowledge and/or accommodate his health conditions.

72.     CCHHS refused to acknowledge MAHRAN'S medical conditions and failed to provide a reasonable accommodation to him on account of these medical conditions.

73.     Furthermore, the transfer letter indicated that MAHRAN'S transfer was based on seniority. However, there were multiple pharmacists with lower levels of seniority that were not transferred to the Cermak Jail ahead of MAHRAN.

74.     MAHRAN was instructed by CCHHS to either work in the jail or be terminated.

75.     COOK COUNTY is a covered employer to which the ADA applies.

76.     Defendant was aware of MAHRAN'S disability as of August 24, 2020.

77.     CCHHS failed to reasonably accommodate MAHRAN'S disability when instead of allowing MAHRAN to work in a different department or in a position within the Jail that did not involve as much standing and walking, it made him work, and then later terminated his employment when he was unable to work in that environment.

78.     CCHH'S termination of MAHRAN on the basis of his disability and CCHH'S failure to make an individualized assessment to determine whether MAHRAN could be employed or whether a reasonable accommodation would enable him to remain employed by CCHH violated the ADA.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.     Back pay in an amount to be determined at trial;
B.     Compensatory and consequential damages, including for emotional distress;
C.     Punitive damages;
D.     Pre-judgment and post-judgment interest at the highest lawful rate;
E.     Attorneys' fees and costs of this action;
F.     Any such further relief as this Honorable Court finds reasonable.

**COUNT IV**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, for a violation of the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. § 2611, *et seq.*, and in support thereof states and alleges as follows:

1-78.     MAHRAN restates and realleges paragraphs 1-78 as though fully set forth herein.

79.     The FMLA allows an eligible employee with a serious health condition that renders the employee unable to perform his or her position to take twelve (12) workweeks of leave during each twelve (12) month period.  See 29 U.S.C. § 2612(a)(1)(D).

80.     COOK COUNTY qualifies as an "employer" as that term is defined in the FMLA because (i) it is engaged in commerce or in any industry or activity affecting commerce, and (ii) it employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.  See 29 U.S.C. § 2611(4).

81.     MAHRAN is an "eligible employee" as that term is defined in the FMLA because MAHRAN worked for CCHHS for at least (i) 12 months, and (ii) 1,250 hours of service with CCHHS during the previous 12-month period before he was terminated on January 6, 2021.  See 29 U.S.C. § 2611(2).

82.     MAHRAN had an "entitlement to leave" (i.e., he was eligible for FMLA protections) as defined in the FMLA, because of a serious health condition that made MAHRAN unable to perform the functions of his position with CCHHS. See 29 U.S.C. § 2612(1)(D).

83.     MAHRAN properly requested leave from CCHHS in March 2020. This Request for Leave was supported by a certification issued by MAHRAN'S health care provider; certification which was provided to CCHHS in a timely manner, and which was sufficient pursuant to 29 U.S.C. § 2613(b).

84.     MAHRAN provided sufficient notice of his intent to take leave by sending emails to certain personnel in CCHHS'S HR Department.

85.     MAHRAN was granted Intermittent leave on or about March 19, 2020 through on or about March 19, 2021.

86.     MAHRAN was entitled to take leave under FMLA due to MAHRAN being eligible for FMLA protections based on his disability and for giving proper notice to CCHHS of his request, and because CCHHS approved MAHRAN's request.

87.     Additionally, MAHRAN was entitled to restoration to his position, or an equivalent position as described in the FMLA pursuant to 29 U.S.C. § 2614(a) upon his return from his FMLA leave. See 29 U.S.C. § 2614(a).

88. However, CCHHS interfered with, restrained, and/or denied the exercise of or the attempt to exercise, a fundamental right provided to MAHRAN under the FMLA by terminating MAHRAN while he was on FMLA leave. See 29 U.S.C. § 2615(a)(1).

89. By terminating MAHRAN on January 6, 2021, CCHHS denied MAHRAN restoration to the same or equivalent position as prescribed in FMLA. See 29 U.S.C. § 2614(1).

90. Lastly, by terminating MAHRAN on January 6, 2021, CCHHS unlawfully discriminated against MAHRAN pursuant to the FMLA. See 29 U.S.C. § 2615(a)(2).

91. As the result of MAHRAN's termination, MAHRAN has incurred, and is now incurring, and will continue to incur a loss in wages, salary, employment benefits, and other compensation denied or lost to MAHRAN by reason of the violation within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs include, but are not limited to, lost wages and medical expenses during MAHRAN's leave of absence, back pay from the effective date of termination, lost medical expenses from the date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees and court costs.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.  Back pay in an amount to be determined at trial;
B.  Compensatory and consequential damages, including for emotional distress;
C.  Punitive damages;
D.  Pre-judgment and post-judgment interest at the highest lawful rate;
E.  Attorneys' fees and costs of this action;
F.  Any such further relief as this Honorable Court finds reasonable.

## COUNT V
## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, for Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and in support states and alleges as follows:

1-91.    MAHRAN restates and realleges paragraphs 1-91 as though fully set forth herein.

92.    The ADEA applied to MAHRAN'S employment with CCHHS at all times relevant herein.

93.    MAHRAN was over 40 years of age at the time he was terminated by CCHHS.

94.    Thus, MAHRAN was a protected class under the ADEA.

95.    MAHRAN suffered an adverse employment action when terminated by CCHHS.

96.    MAHRAN was qualified for his position as pharmacist at the time he was terminated by CCHHS.

97.    MAHRAN was treated less favorably than others not in the protected class.

98.    The Defendants took a subsequent materially adverse action against MAHRAN when they transferred MAHRAN from Provident to Cermak despite MAHRAN having more seniority than other younger CCHHS employees.

99.    A causal connection exists between the protected activity and the adverse action, because CCHHS hired someone else to replace MAHRAN after it terminated him; and the person CCHHS hired to replace MAHRAN was younger than MAHRAN.

100.    In addition to other factors, such as retaliation, age was a motivating factor in CCHHS'S termination of MAHRAN.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.    Back pay in an amount to be determined at trial;

B.      Compensatory and consequential damages, including for emotional distress;
C.      Punitive damages;
D.      Pre-judgment and post-judgment interest at the highest lawful rate;
E.      Attorneys' fees and costs of this action;
F.      Any such further relief as this Honorable Court finds reasonable.

## COUNT VI
## COMMON LAW RETALIATORY DISCHARGE

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, for Retaliatory Discharge, and in support thereof states and alleges as follows:

1-100.   MAHRAN restates and realleges paragraphs 1-100 as though fully set forth herein.

101.      The United States has a clearly mandated public policy in favor of permitting eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons with continuation of employment benefits under the same terms and conditions as if the employee had not taken leave as set forth in the FMLA. See 29 U.S.C. § 2611.

102.      MAHRAN was granted FMLA leave by CCHHS on or about March 19, 2020.

103.      On or about July 23, 2020, Dr. Norwood, specifically targeted MAHRAN for a "review" of his already approved FMLA leave.

104.      MAHRAN'S transfer to Cermak Jail was, no doubt, in retaliation for the "blatant disregard and disrespect for management" that Dr. Norwood accused MAHRAN of during his FMLA review meeting.

105.      Illinois has a clearly mandated public policy in favor of preventing discriminatory acts to occur in the workplace, pursuant to the ADA, Title VII, ADEA, and the FMLA, which at all times herein applied to CCHHS.

106.      Furthermore, during his time at the Cermak Jail, MAHRAN reported certain employees for overtime violations, as well as for mistakes that could harm patients.

107.    However, management told MAHRAN to not report these mistakes in eMers for a particular pharmacist.

108.    CCHHS discharged MAHRAN in retaliation for activities in support of the public policies in favor of reporting other CCHHS employees' activities, taking FMLA leave, and reporting instances of discrimination within CCHHS by its officers.

109.    CCHHS'S act of discharging MAHRAN in retaliation for his activities violates the clearly mandated public policies in favor of reporting other CCHHS employees' activities, taking FMLA leave, and reporting instances of discrimination within CCHHS by its officers.

110.     MAHRAN has suffered a loss of income and significant emotional distress as a result of CCHHS'S retaliatory acts.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.    Back pay in an amount to be determined at trial;
B.    Compensatory and consequential damages, including for emotional distress;
C.    Punitive damages;
D.    Pre-judgment and post-judgment interest at the highest lawful rate;
E.    Attorneys' fees and costs of this action;
F.    Any such further relief as this Honorable Court finds reasonable.

## COUNT VII
### 42 USC § 1983

NOW COMES the Plaintiff, MOHAMMED MAHRAN, by and through his attorneys, for his Complaint against the Defendant, COOK COUNTY, and in support states and alleges as follows:

1-110.   MAHRAN restates and realleges paragraphs 1-110 as though fully set forth herein.

111.    MAHRAN was deprived of a constitutionally protected civil right regarding freedom from discrimination on the basis of religion pursuant to COOK COUNTY and CCHHS' policies and/or practices referenced *supra*.

112.     COOK COUNTY and CCHHS have a widespread custom of religious discrimination and retaliation referenced *supra* in Count I, and a widespread custom of denying equal protection to MENA employees referenced *supra* in Count II.

113.     Furthermore, this discrimination and retaliation was committed by someone with ultimate policy-making authority, namely Dr. Norwood.  *See* Footnote 2, *supra*.

WHEREFORE, Plaintiff, MOHAMMED MAHRAN, respectfully requests that judgment be entered against Defendant, COOK COUNTY, and that this Court award him the following relief:

A.     Back pay in an amount to be determined at trial;
B.     Compensatory and consequential damages, including for emotional distress;
C.     Punitive damages;
D.     Pre-judgment and post-judgment interest at the highest lawful rate;
E.     Attorneys' fees and costs of this action;
F.     Any such further relief as this Honorable Court finds reasonable.

## JURY DEMAND

MAHRAN requests a trial by jury on all counts of this Complaint.

Respectfully submitted,
MOHAMMED MAHRAN

By:     /s/ Matthew R. Custardo
One of his Attorneys

FITTER LAW, LLC
Jawad I. Fitter
150 S. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: 312-741-1073 | Fax: 312-428-4851
jawad@fitterlaw.com

CUSTARDO LAW, LLC
Matthew R. Custardo
2135 City Gate Lane, Suite 300
Naperville, IL  60563
Tel: 630-557-1451 | Fax: 630-557-8050
matt@custardolaw.com

## **VERIFICATION**

I, MOHAMMED MAHRAN, am a Plaintiff in this action. I have read the foregoing First Amended Verified Complaint and am familiar with its contents. I declare under penalty of perjury under the laws of the United States that all of the factual statements contained in the foregoing First Amended Verified Complaint are true and accurate to the best of my belief and is based upon personal knowledge, except where expressly indicated otherwise.

Mohammed mahran (Oct 26, 2022 15:49 CDT)

MOHAMMED MAHRAN

FITTER LAW, LLC
Jawad I. Fitter
150 S. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: 312-741-1073 | Fax: 312-428-4851
jawad@fitterlaw.com

CUSTARDO LAW, LLC
Matthew R. Custardo
2135 City Gate Lane, Suite 300
Naperville, IL 60563
Tel: 630-557-1451 | Fax: 630-557-8050
matt@custardolaw.com

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned attorney hereby certifies that on October 26, 2022 I electronically filed the foregoing with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Chicago, Illinois, by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this matter, as shown below:

John H. Scheid, Jr.
Brendan M. Murray
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606-4673
jscheid@pretzel-stouffer.com
bmurray@pretzel-stouffer.com
***Special Assistant State's Attorney representing Defendants Cook County***

Kristina Gregory
Assistant State's Attorney - Labor and Employment Litigation
Civil Actions Bureau
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
kristina.gregory@cookcountyil.gov
***Assistant State's Attorney representing Defendants Cook County***

and I certify that I have mailed same via the United States Postal Service to the following non-CM/ECF participants:

None.

         /s/  Matthew R. Custardo

Matthew R. Custardo (ARDC #: 06329579)
CUSTARDO LAW, LLC
2135 City Gate Lane, Suite 300
Naperville, IL 60563
Tel: 630-557-1451 | Fax: 630-557-8050
matt@custardolaw.com

# EXHIBIT
# A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **440-2021-00623** |

| **ILLINOIS DEPARTMENT OF HUMAN RIGHTS** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **MOHAMMED MAHRAN** | **(267) 254-2991** | **1975** |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **4409 W 95 TH ST APT 6, OAK LAWN,IL 60453** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **COOK COUNTY HEALTH** | **501+** | |

| Street Address | City, State and ZIP Code | | |
|---|---|---|---|
| **118 N. CLARK STREET, SUITE 833, CHICAGO, IL 60602** | | | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN

☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **09-01-2019** | **01-06-2021** |
| | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I began my employment with Respondent on or about March 18, 2019.  My most recent position was Pharmacist.  During my employment, I was subjected to different terms and conditions of employment, disciplined, and denied an accommodation.  I made several internal complaints of discrimination.  Subsequently, in or around August 2020, I was transferred to a less desirable location and further denied accommodations.  I complained to no avail.  On or about January 6, 2021, I was discharged.**

**I believe that I have been discriminated against because of my national origin, Egyptian, race, non-Black, religion, Muslim, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

**I believe that I have been discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Mohammed Mahran on 01-22-2021 04:21 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2021-00623 |

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC

*State or local Agency, if any*

**Additionally, I believe that I have been discriminated against because of my age, 45 (DOB:1975), in violation of the Age Discrimination in Employment Act of 1967, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Mohammed Mahran on 01-22-2021 04:21 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Mohammed Mahran**<br>**C/O Mathew Custardo**<br>**300 S. Carlton Avenue**<br>**Suite 210**<br>**Wheaton, IL 60187** | From:  **Chicago District Office**<br>**230 S. Dearborn**<br>**Suite 1866**<br>**Chicago, IL 60604** |

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2021-00623** | **Shuwn Hayes,**<br>**Investigator** | **(312) 872-9733** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/eh*

August 30, 2021

Enclosures(s)

**Julianne Bowman,**
**District Director**

*(Date Issued)*

cc:  **COOK COUNTY HEALTH**
**Nicholas Krasucki**
**EEO Director**
**1900 West Polk Street #428**
**Chicago, IL 60612**

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

August 30, 2021

Mr. Mohammed Mahran
c/o Matthew R. Custardo, Esquire
Custardo Law
300 S. Carlton Ave.
Suite 210
Wheaton, IL  60187

Re:  EEOC Charge Against Cook County Health
   No. 440202100623

Dear Mr. Mahran:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:  Title I of the Americans with Disabilities Act of 1990,  42 U.S.C. 12111, et seq., and,  Title V, Section 503 of the Act, 42 U.S.C. 12203.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                      Sincerely,

                      Kristen Clarke
                   Assistant Attorney General
                    Civil Rights Division

           by       /s/ Karen L. Ferguson
                  Karen L. Ferguson
            Supervisory Civil Rights Analyst
            Employment Litigation Section

cc: Chicago District Office, EEOC
  Cook County Health

U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

August 30, 2021

Mr. Mohammed Mahran
c/o Matthew R. Custardo, Esquire
Custardo Law
300 S. Carlton Ave.
Suite 210
Wheaton, IL  60187

Re:  EEOC Charge Against Cook County Health
     No. 440202100623

Dear Mr. Mahran:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                    Sincerely,


                    Kristen Clarke
                    Assistant Attorney General
                    Civil Rights Division


            by        /s/ Karen L. Ferguson
                    Karen L. Ferguson
                    Supervisory Civil Rights Analyst
                    Employment Litigation Section


cc: Chicago District Office, EEOC
   Cook County Health